IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>CROCKER COMPANIES, INC., dba CITY TITLE INSURANCE AGENCY dba CITY TITLE INSURANCE BROKERAGE,<br><br>    Debtor.<br> | MEMORANDUM DECISION AND ORDER DENYING THIRD PARTY DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS |
| STEPHEN W. RUPP, TRUSTEE OF THE BANKRUPTCY ESTATE OF CROCKER COMPANIES, INC. and R. KIMBALL MOSIER, TRUSTEE OF THE BANKRUPTCY ESTATE OF EMPIRE INVESTMENT GROUP, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>KEVIN MAYBERRY,<br>    Defendant. | Case No. 2:05-CV-599 TS |
| KEVIN MAYBERRY,<br><br>    Third-Party Plaintiff,<br><br>        vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation, ROBERT LOPEZ and PAUL NORAT,<br>    Third-Party Defendants. | |

1

Defendant and Third-Party Plaintiff Kevin Mayberry filed an Amended Third-Party Complaint against Fidelity National Title Insurance Company, Robert Lopez, and Paul Norat.[1] The Third-Party Complaint was essentially an indemnity action brought by Mayberry against the Third-Party Defendant in the event that the Trustee was able to avoid the transfer of $300,000 to Mayberry. The Third-Party Complaint asserted state law claims against the Third-Party Defendants.

Upon summary judgment, Court resolved all of the federal claims contained in the Complaint.[2] As a result, the Court declined supplemental jurisdiction over Mayberry's state law claims contained in the Amended Third-Party Compliant pursuant to 28 U.S.C. § 1367(c)(3) and dismissed the Amended Third-Party Complaint without prejudice.

Third-Party Defendants Robert Lopez and Paul Norat now move for an award of attorneys' fees and costs pursuant to Utah's reciprocal attorneys' fees statute, Utah Code Ann. § 78-27-56.5.[3] Third-Party Plaintiff opposes the Motion arguing that it would be inconsistent for the Court to decline to exercise supplemental jurisdiction over his state law claims and then to grant the relief the Third-Party Defendants seek in their Motion.

The Court is persuaded by the Third-Party Plaintiff's reasoning. The Court declined to exercise supplemental jurisdiction over Third-Party Plaintiff's state law claims. Third-Party Defendants now seek to recover attorneys' fees and costs under a state statute. It would be

---

[1] Docket No. 45.

[2] Docket No. 56.

[3] Utah Code Ann. § 78-27-56.5 provides that "[a] court may award costs and attorney's fees to either party that prevails in a civil action based upon any promissory note, written contract, or other writing executed after April 28, 1986, when the provision of the promissory note, written contract, or other writing allow at least one party to recover attorney's fees."

inconsistent for the Court decline to exercise supplemental jurisdiction over Third-Party Plaintiff's state law claims on the one hand and to exercise jurisdiction over Third-Party Defendants' claims, which are also based on state law, on the other hand.  Therefore, the Court declines to consider Third-Party Defendants' Motion.

It is therefore

ORDERED that Third-Party Defendants' Motion for Award of Attorneys' Fees and Costs (Docket No. 88) is DENIED WITHOUT PREJUDICE.

DATED   January 8, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge